## CRAWFORD v. THE STATE.

CRIMINAL LAW. *Bastardy.* Bastardy is an offense against the State of which the Criminal Court has jurisdiction. In a bastardy proceeding the question propounded to the relator, whether she had had sexual intercourse with other persons was properly ruled out by the court. The question should have been confined to the period within which the inquiry was legitimate, viz: from the first of the tenth month to the first of the sixth month next before the birth of the child.

Code cited: Sec. 5365.

---

### FROM MARSHALL.

---

Appeal from the Criminal Court. THOS. M. JONES, Sp. Judge.

COWDEN, McCLURE, and ARMSTRONG for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

NICHOLSON, C. J., delivered the opinion of the court.

This is a proceeding under the bastardy laws, commenced by Amanda J. Miller, as informer and relator, against A. N. Crawford, before a Justice of the Peace of Marshall county.

Upon the issue made up in the County Court, it was determined by the court, at its February Term, 1872, that the defendant was not guilty, and that he be discharged. The relator prayed an appeal to the

Circuit Court, which was granted upon her taking the pauper oath.

When the case came into the Circuit Court, the judge ordered it to be transfered to the Criminal Court established for Marshall county by act of December 14, 1871, upon the ground that it was a criminal and not a civil proceeding.

At the April Term, 1872, of the Criminal Court, the judge, on motion, ordered the cause to be dismissed for want of jurisdiction, holding that the order of transfer by the Circuit Judge was void.

At a subsequent day of the term, upon petition of the relator, the writ of *certiorari* was awarded to bring up the cause from the County Court for a new trial in the Criminal Court.

At the August Term, 1872, defendant's counsel moved to dismiss the petition, and at the December Term, 1872, the motion to dismiss was overruled, and a trial was had by a jury, who found the defendant guilty, and that he was the father of the bastard. From the judgment on this verdict he appealed to this court.

The first ground for reversal relied on is, that the Criminal Court had no jurisdiction, for the reason that it is a civil and not a criminal proceeding. The act of December 14, 1871, establishing the court, enacts that "said court shall have all jurisdiction given to the Circuit Courts for the trial and presentment of crimes and offenses against the State, to the exclusion of the Circuit Courts."

Prior to this act the Criminal Court of Marshall

Crawford v. The State.

county had jurisdiction, upon appeal, of bastardy cases, and the question is, whether that jurisdiction has been transferred to the Criminal Court.

Jurisdiction is given to the Criminal Court "for the trial and presentment of crimes, and offenses against the State."

As the law now stands fornication is not indictable as a crime, but if it result in a bastard child it is an offense against good morals, upon which the offender may, upon information before a justice of the peace, be arrested and bound over to the County Court, or be committed to jail upon failure to give bond. The Clerk of the County Court is required to issue a capias for the offender, "to be executed like similar process in criminal cases," and the defendant, when arrested, may give bail to appear and answer the charge. If he fails to appear he may be called out and forfeiture taken on his bond. All these provisions of the Code look distinctly to bastardy as an offense, to be brought to trial in the same way in which crimes are brought to trial. They have none of the features of a civil proceeding. But it is provided further that the proceedings are to be conducted in the name of the State as plaintiff, and the accused as defendant, and are intended for the indemnity of counties against the charge of supporting bastards, and the defendant, when found guilty, is required to give bond and security to save the county, and all other counties in the State, from all charges towards the maintainance of the child. Nor is the provision made for the support of the bastard to be the property of

the mother, but goes into the hands of the poor commissioners, to indemnify the county.

These provisions clearly recognize bastardy as an offense against the State. The law is made to protect the public morals, and to indemnify all the counties of the State against the charge of supporting any bastard. The proceeding is in the name of the State, and is for the benefit of the State. It is manifestly an offense against the State. The law is made to protect the public morals, and to indemnify all the counties of the State against the charge of supporting any bastard. The proceeding is in the name of the State, and is for the benefit of the State. It is manifestly an offense against the State of which the Criminal Court has jurisdiction.

Upon the trial, the relator, Amanda J. Miller, was introduced as a witness, and after proving the charge against the defendant, and stating that he was the only one who had had sexual intercourse with her, on cross-examination defendant's counsel proposed to prove that "she had had sexual intercourse with other persons."

The counsel for the State objected to any question criminating relator with other persons.

The Court held that it was his duty to protect the relator, and would not permit it, to which defendant excepted.

While the act of 1871, making fornication a criminal offense, was in force, it was held that a woman could not be required, as a witness, to answer whether she had been guilty of fornication with other

men; that would be to subject herself to criminal prosecution.

But since fornication ceased to be punished as a criminal offense, the reason of the rule has ceased, and in a late case at Knoxville it was held that a woman who comes forward as a witness to prove her own fornication with one man, thereby becomes a witness subject to cross-examination as to other acts of fornication, in the same manner that all witnesses are subject to cross-examination.

But by the provision of sec. 5365 of the Code, the defendant in a bastardy case is limited in his defence to proof of sexual intercourse with other persons from the first of the tenth month to the first of the six month next before the birth of the child. Within this period it was competent to cross-examine the relator as to her sexual intercourse with other men, and the judge had no right to protect her from such examination. But as to her sexual intercourse outside of this period, it was not competent for the defendant to interrogate her or other witnesses. The court so held as to other witnesses, and it does not appear that his holding was different as to the examination of the relator. The question proposed to be asked of her was, whether she had had sexual intercourse with other persons. The question was general, and not confined to the period within which the inquiry was legitimate. Of course the question as propounded was illegal, and there was no error in the action of the court in ruling it out as incompetent. If the defendand desired to put the judge in error, he should have

propounded the question so as to call only for com-
petent evidence.    Not having done so, we cannot see
that the court was in error.

The judgment is affirmed, and the cause remanded
to the County Court.